**In and for United States District Court of Massachusetts, Boston, MA**

**Joseph D Gilberti PE**, a licensed Professional
Engineer in the State of Florida,

    Petitioner(s),

v.

**David Hogg**, Harvard University, Judge Donna Marie Padar,
Sheriff Carmine Marceno, Lexington Middle School,
Governor Ron DeSantis, President Donald J. Trump,
Joe Biden, Ryan Snyder, Esq., US Congressman Byron Donalds,
72 Partners LLC, Chris Shaw, Catisha Smith, Lee Pallardy,
Thomas Howze, Kenneth Harrison, Laurence Hall,
Sarasota County Board of County Commissioners,
James Strickland, Second District Court of Appeals of Florida,
The Pentagon

    Defendant(s).

_____/

Case: _____

**DEMAND FOR JURY TRIAL**

## <u>COMPLAINT</u>
### *Fraudulent Land Sale Transfer, Conspiracy to take Rights and Permanent and Injunctive Relief*

Plaintiff, Joseph D. Gilberti, P.E. for its complaint alleges:

1. The Plaintiff brings this action against Defendants Governor Ron DeSantis, Attorney Ryan Snyder, 72 Partners, LLC, Thomas Howze, Lee Pallardy, Kenneth Harrison, Laurence Hall, Sarasota County Commission, and James Strickland (Collectively, the "Defendants") under section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) to obtain preliminary and permanent injunctive relief, recission or reformation of contracts, restitution, disgorgement of ill-gotten gains, and other equitable relief against Defendants for engaging in deceptive acts or practices in connection with the advertising, marketing, offering for sale, and sale of mortgage foreclosure rescue services in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

2. The Plaintiff brings this action against Defendants (the "Fraudulent Transfer Defendant") under the Federal Debt Collection Procedure Act, 28 U.S.C. §§ 3001 *et seq.*, to avoid the fraudulent transfer of real property from Defendant Ryan Snyder to the Fraudulent Transfer Defendants 72 Partners and their assigns of deeds. The avoidance of this transfer is necessary in the interests of justice to secure funds for redress or disgorgement.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a), 1345, and §§ 3001 *et seq.*

4. Venue in the United States District Court for Middle District of Florida is proper under 15 U.S.C. § 53(b) and 28 U.S.C. § 1391(b) and (c).

## PLAINTIFF

5. Plaintiff is a secured Creditor on the land who owns Sec 1 & 2 in Sarasota pursuant to the deeds obtained in 2013. And all mineral rights on the entire 2340acres advertised by the Defendants in late August 2020 in the Observer Newspaper shown in the Sworn Affidavit to Prosecute filed by Plaintiff and others.

## DEFENDANTS

6. Defendant **Ryan Snyder** was the attorney of record during the fraudulent transfer by switching the legal description out from 2300acres to 95acres the Day of the sale on October 5, 2020 in Sarasota County Florida.

7. Defendant **72 Partners, LLC,** (Defendants) are the conveyors of fraud with Ryan Snyder including Kenny Harrison, Lee Pallardy, Thomas Howze and Laurence Hall all of which does business in the State of Florida

8. Defendant **Lee Pallardy** (Defendants) is a Florida resident and often manager of 72 Partners with its principal place of business in Tampa Florida via Pallardy Appraisal Services who performed a fraudulent transfer and is a resident of Manatee Florida who formulated, directed, controlled, or participated in the acts and practices of, including the acts and practices set forth in this Complaint.

9. Defendant **Thomas Howze** (Defendants) an individual, and managing member at times for 72 Partners who performed a fraudulent transfer and is a resident of Manatee Florida who formulated, directed, controlled, or participated in the acts and practices of, including the acts and practices set forth in this Complaint.
California.

10. Defendant **Sarasota County Board of County Commissioners,** (Defendants) and County Commission who facilitated the fraudulent transaction with Circuit 13 and 2ndDCA Judges including the acts and practices set forth in this Complaint. This commission transacts or has transacted business in the Middle District of Florida

11. Defendant **Kenny Harrison** (Defendants) an individual, is the local neighbor acting alone or in concert with others, has formulated, directed, controlled, or participated in the acts and practices of 72 Partners and Sarasota Commissioners, Judges in Circuit 12 and Middle District, including the acts and practices set forth in this Complaint. Harrison transacts or has transacted business in the Middle District of Florida.

2

12.     Defendants **James Strickland,** is a local rancher in west Florida using 50c13 grants with FDEP and Desantis to fraud a sale and get a land grab using tax dollars from both FDEP and State/Federal resources to hide clean water resources with Biden and Congress as shown in Gilberti vs Pentagon et al, and other cases that avoided all discovery while attacking civil rights.

13.     Defendants, **The Florida Second District Court of Appeals** affirmed without any opinions of the fraudulent transfer and have timed their opinions collectively with the Fraud to hide the water resource and take civil and property rights from Plaintiff. They assisted and aided Ryan Snyder and Ron Desantis with Defendants to coherse tax base with a fraudulent transfer by ignoring all pleadings and blocking the Florida Supreme Court petitions with fraudulent affirmance.

14.     Defendants, **Judge Padar, Sarasota Circuit 12 Judge,** who lost defendants in Jails for 4months while the illegal closings by other listed defendant based on a the Oct 5, 2020 fraud sale has conspired with Judges Walker, Ruhl, Williams, Wolfe, Goudie, Conrad, Dominquez, Scherer in courts across Florida to hide the PRIMARY WATER ACCESS KNOWLEDGE FROM AMERICANS AND HUMANITY for 2 full years tied to Gilberti v Pentagon service.

15.     Defendant, **Chris Shaw** fabricated AR-15 emails and worked with Judge Padar, and Defendants to attempt a VOP while processing a Fraud Transfer with a coup of Judges, lawyers and Sheriffs all under investigation for Title 18 US Code 241-242 to hide PRIMARY WATER TO TAP playing a COVID19 game with speedy Trials timed with Desantis and Florida Senate laws imposed with a Fake Pandemic done with HR 5736 as an ACT of WAR against USA and Humanity.

## FRAUDULENT TRANSFER DEFENDANTS

16. Fraudulent Transfer Defendants Judge Padar, Judge Walker, Judges in Circuit 12, 13, 17 and 20 tied to **Ryan Snyder is attorneys** of Defendant 72 Partners llc, Lee Pallardy, Thomas Howze, Kenny Harrison and Laurence Hall. He is the attorney of record during the fraudulent sale, in Sarasota County Florida on October 5, 2020. Fraudulent Transfer Defendants 72 Partners and Defendants listed received real property located in the southeast Myakka area of Sarasota Florida regarding the Daughtrey Ranch, see **Sarasota case 2011 CA 04209 NC,** where no trial was given with a barrage of Terrorism acts to attack Plaintiff timed with a unique underground River find for Water Supply at the Peace River Manasota Water Supply. ALL or MOST DEFENDANTS helped coherse the transfer due to the control over the state with Water Supply and past illegal spending after Hurricane Charlie for RV Griffin Reservoir at Peace River Manasota Water Supply.

## COMMERCE

17. The acts and practices of Defendants, as alleged in this Complaint, are in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' UNLAWFUL BUSINESS PRACTICES

3

18. Defendants have advertised, marketed, offered for sale, and sold Property to hide a secret underground water resource with local Peace River Manasota Water Supply boards owned by Sarasota, Charlotte, Manatee and Desoto County commissioners who work with FDEP and others to pump treated water vs alkaline spring water.

19. Defendants have advertised and marketed land and switched out the legal description with lawyers and clerks on the day of the sale to steal over $30million in land and 2300acres as shown in the Attachment for 'Sworn Affidavit to Prosecute.

## DEFENDANTS FRAUDULENT TRANSFER

20. On or about August 31 2020, Defendants Ryan Snyder and members of 72 Partners and their assigns advertised 2300acres for sale.  On the day of the sale the 2300acre legal was replaced with a 95acre parcel and land not included in the advertisement but actually Daughtrey Homestead, so the bids would be avoided by Plaintiff and public for bidding of the actual property.  **See Exhibit A.**

21. This transfer was made:
    a. with an actual intent to hinder, delay, or defraud a creditor; or
    b. with intent to fraud the sale by switching out the legal
    c. Sarasota county then purchased a tax base easement with FDEP for over $3.5million in Tax dollars.
    d. See attached Sworn Affidavit to Prosecute with details and    exhibits.

## VIOLATIONS OF SECTION 5 OF THE FTC ACT

22. Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), prohibits unfair or deceptive acts and practices in or affecting commerce.

23. Misrepresentations or omissions of material fact constitute deceptive acts or practices pursuant to Section 5(a) of the FTC Act.

### Count 1

24. In numerous instances, Defendants have represented to consumers, expressly or by implication, that land was for auction for 2300 acres and switch out the legal so nobody else could bid except their fluffers which Circuit 12 Judges and local developers assisted in the Racketeering and fraud to hide the Water Supply resource with local agencies and Sarasota Commission who is trying to sell it to Mosaic Phosphate, Nestle, Coke, Pepsi and other water types, such as but not limited to Veolia, Suez and General Electric, which are false and misleading and constitute deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

## VIOLATIONS OF THE FEDERAL DEBT
## COLLECTION PROCEDURE ACT
### Count 2

23. Defendant Ryan Snyder transferred real property to Fraudulent Transfer Defendant 72 Partners, LLC and their members.

24. This transfer was made:

   a. with actual intent to hinder, delay, or defraud a creditor, in violation of Section § 3304(b)(1)(A) of the Federal Debt Collection Procedure Act ("FDCPA"); or

   b. without receiving a reasonably equivalent value in exchange for this transfer and (i) Sarasota County Commission with Judge Walker and 2ndDCA of Florida engaged in unlawful acts of Treason.

### PLAINTIFF INJURY

25. Plaintiff has suffered and continue to suffer substantial monetary loss as a result of Defendants' unlawful acts or practices. In addition, Defendants have been unjustly enriched as a result of the unlawful practices set forth in this Complaint. Absent injunctive relief from this Court, Defendants are likely to continue to injure consumers and harm the public interest.

### THIS COURT'S POWER TO GRANT RELIEF

26. Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of the FTC Act. The Court, in the exercise of its equitable jurisdiction, may award other ancillary relief, including, but not limited to, rescission of contracts and restitution, and the disgorgement of ill-gotten gains, to prevent and remedy injury caused by Defendants' law violations.

27. The FDCPA authorizes this Court to set aside fraudulent transfers, grant remedies against the assets transferred or other property of the transferee, or grant any other relief the circumstances may require. 28 U.S.C. § 3306(a).

28. Plaintiff aver that Defendant(s) attorney Ryan Snyder and Sarasota county attorneys were negligent and/or committed malpractice, breached his fiduciary duties to public and Plaintiff, in the following regard:

   a. Fraud and Racketeering to coordinate an illegal land grab by replacing online land description links with Sarasota County foreclosure auctions sales, then aided 72 Partners to hide the underground US Water Supply and Medicine Resource from the Public, with an FDEP and local activist Environmental easement game, which demonstrates the defendants, a group of lawyers, who conspire with two or more persons

5

to attack Plaintiff pursuant to Title 18 U.S. Code Section 242.

b. Working with State of Florida State attorney's office as an advocate for 72 Partners, LLC.

c. By holding himself out as an attorney for Plaintiff but not representing the best interest of the Plaintiff.

d. By failing to provide Plaintiff with the minimum standards of care.

e. Ryan Snyder and Edwardo Morrell conspired with 72 Partners, LLC, their councils, State and Federal Courts/Clerks, Sarasota Clerk of Court, Property appraiser's office, Public Defender Mark Adams. Sarasota County Commissioners and Peace River Manasota Water Supply Commissioners, local Sarasota engineering and planning staff, police and officials to steal Plaintiff's land, his clients land, rights and falsified documents, with fraud on the tax payers, land doc stamps and more.

*Title 18 U.S. Code Section 241*

*If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or*

*If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured—*

*They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.*

*(June 25, 1948, ch. 645, 62 Stat. 696; Pub. L. 90–284, title I, § 103(a), Apr. 11, 1968,82 Stat. 75; Pub. L. 100–690, title VII, § 7018(a), (b)(1), Nov. 18, 1988, 102 Stat. 4396; Pub. L. 103–322, title VI, § 60006(a), title XXXII, §§ 320103(a), 320201(a), title XXXIII, § 330016(1)(L), Sept. 13, 1994, 108 Stat. 1970, 2109, 2113, 2147; Pub. L. 104– 294, title VI, §§ 604(b)(14)(A), 607(a), Oct. 11, 1996, 110 Stat. 3507, 3511.)*

*Title 18 U.S. Code Section 242*

*Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.*

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), the FDCPA, 28 U.S.C. §§ 3001- 3308, and the Court's own equitable powers, requests that the Court:

1.    **Impose Title 18 US Code Sec 241 and 242** after all discovery is produced and Award Plaintiff such preliminary injunctive and ancillary relief as may be necessary to avert the likelihood of consumer injury during the pendency of this action, and to preserve the possibility of effective final relief;

2.    Permanently enjoin Defendants from violating the FTC Act as alleged herein;

3.    Award such relief as the Court finds necessary to redress injury to plaintiff and consumers who lost monies on lower water bills if this fraud was avoided with a invalid mortgage and a gang of bad courts hiding US Resources.

4.    Award such relief against Fraudulent Transfer Defendants by returning all tax base easement funds used after the fraudulent transfer, sieze all assets of the defendants and return the property plaintiff and original owner Daughtrey who was railroaded for 10yrs by Defendants and Judges under investigation.

5.    Detain lawyers and Judges with FBI and US Military and remove them from a Professional licensed status by reporting them with discovery information to the US Military for a Military tribunal for US Treason on Primary Water access using a fraudulent transfer and taking the Engineer of Records Civil Rights and trying to kill his kid and teachers at Lexington Middle School, see Gilberti vs Carmine Marceno, et al, timed with stopping the Gilberti vs Pentagon, et al, service on 4-1-21 with Judge Goudie, Padar, Krugg and Sheriff Hoffman, his

7

Lawyers, Carmine Marceno using a Shooting drill attempt with a COVID19 quarantine game explained in discovery on this case and related cases.

As a direct and proximate result the defendant's negligence and/or malpractice and fraudulent inducements, acts, and racketeering, Plaintiff sustained actual damages in the amount exceeding **$25,000,000.00 US dollars.**

Dated this 23rd day of May 2025.

/s/ Joe Gilberti
Joseph D. Gilberti PE
Plaintiff
# 2024-2237
2020 Main Street
Sarasota FL, 34237
813-470-6000
239-980-3149
GilbertiWater@gmail.com
www.GilbertiBlueGold.com

8